# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In re: ) | Chapter 11 |
| INMET Mining, LLC ) | |
| ) | |
| Debtor, ) | Case no. 23-70113 |
| ) | |
| INMET MINING, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proceeding No. 23-7002 |
| ) | Chief Judge Gregory R. Schaaf |
| BLACKJEWEL LIQUIDATION TRUST, ) | |
| et al., ) | |
| Defendants. ) | |

## ANSWER TO COUNTERCLAIM OF LR-REVELATION HOLDINGS, L.P.

Plaintiff and Counterclaim Defendant INMET Mining, LLC ("INMET"), by undersigned counsel, hereby responds to the June 2, 2023 counterclaim ("Counterclaim") filed by LR-Revelation Holdings, L.P. ("Lime Rock") as follows:

1.  No response to paragraph 1 is required.

2.  INMET admits the allegations set forth in paragraph 2.

3.  Upon information and belief, INMET admits the allegations in paragraph 3.

### Jurisdiction and Venue

4.  Paragraph 4 sets forth a legal conclusion regarding jurisdiction to which no response is required.

5.  Paragraph 5 contains an assertion regarding Lime Rock's consent to this Court's jurisdiction to which no response is required.

6.  Paragraph 6 sets forth a legal conclusion to which no response is required.

7.  Paragraph 7 sets forth a legal conclusion regarding venue to which no response is required.

8. Paragraph 8 sets forth a legal conclusion to which no response is required.

## Factual Allegations

9. Admitted in part and denied in part. INMET admits that on September 7, 2019, it entered the agreement referenced in paragraph 9 of Lime Rock's counterclaim. However, INMET denies the characterization of that agreement as a "royalty agreement" and will refer to the agreement as the "Financing Agreement".

10. INMET admits the allegations set forth in paragraph 10.

11. Admitted in part and denied in part. INMET admits that the agreement referenced in paragraph 11 was executed in connection with the Sale Order. The allegation that "the Sale Order is enforceable against and binding upon INMET and Blackjewel" is a legal conclusion to which no response is required. To the extent any response is required, INMET denies any allegations set forth in paragraph 11 not specifically admitted to here.

12. The Financing Agreement speaks for itself, and INMET denies any characterization that is inconsistent with the document. INMET further denies the characterization of the payments referenced in paragraph 12 as "royalty" payments.

13. The Financing Agreement speaks for itself, and INMET denies any characterization that is inconsistent with the document.

14. INMET is without sufficient information to admit or deny the allegations set forth in paragraph 14, and therefore denies the same. INMET further states that the Contract Assignment and Assumption Agreement Lime Rock included as Exhibit 2 to its Counterclaim speaks for itself, and INMET denies any characterization that is inconsistent with the document.

15. INMET admits the allegations set forth in paragraph 15.

16. Paragraph 16 sets forth legal conclusions to which no response is required; to the extent any response is required, INMET denies the allegations set forth in paragraph 16.

17. The Financing Agreement and Contract Assignment referenced in paragraph 17 speak for themselves, and INMET denies any characterization that is inconsistent with the documents. Further, Lime Rock's assertions that it is a "beneficiary" of the Financing Agreement and that it is "entitled" to payments pursuant to that agreement are legal conclusions to which no response is required; to the extent any response is required to those averments, INMET denies them.

18. No response is required to paragraph 18.

19. Paragraph 19 sets forth legal conclusions to which no response is required; to the extent any response is required, INMET denies the allegations set forth in paragraph 19.

20. Paragraph 20 sets forth a legal conclusion to which no response is required; to the extent any response is required, INMET denies the allegations set forth in paragraph 20.

21. The allegations set forth in paragraph 21 are vague and do not specifically identify which what conditions are referenced; therefore, INMET is without sufficient information to admit or deny the allegations set forth in paragraph 21, and therefore denies the same.

22. INMET admits that it has not made any payments pursuant to the Financing Agreement. The remainder of Paragraph 22 sets forth a legal conclusion to which no response is required; to the extent any response is required, INMET denies the allegations set forth in paragraph 22.

23. Paragraph 23 sets forth a legal conclusion to which no response is required; to the extent any response is required, INMET denies the allegations set forth in paragraph 23 as written.

24. Paragraph 24 sets forth a legal conclusion to which no response is required; to the extent any response is required, INMET denies the allegations set forth in paragraph 24.

25. Paragraph 25 sets forth a legal conclusion to which no response is required; to the extent any response is required, INMET denies the allegations set forth in paragraph 25.

26. INMET denies the allegations set forth in paragraph 26.

27. INMET denies any allegations not specifically admitted in this answer.

28. INMET denies any and all allegations set forth in Lime Rock's Prayer for Relief, and denies that Lime Rock is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

By alleging the defenses set forth below, INMET intends no alteration of the burden of proof that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pled in the alternative and do not constitute an admission of liability or that Lime Rock is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state any claim against INMET for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Lime Rock's counterclaims are barred in whole or in part by principles of estoppel, waiver, or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Lime Rock's claims are barred, in whole or in part, by release, accord and satisfaction, and/or novation.

## FOURTH AFFIRMATIVE DEFENSE

Lime Rock's claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Lime Rock's claims are barred, in whole or in part, because the agreements on which the claims are based are unenforceable under the doctrines of fraud, duress, or unconscionability.

## SIXTH AFFIRMATIVE DEFENSE

Lime Rock's claims are barred in whole or in part to the extent that Lime Rock or its predecessors in interest failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

Lime Rock's claims and/or recovery are barred in whole or in part by contractual indemnification, contribution, or setoff.

## EIGHTH AFFIRMATIVE DEFENSE

Lime Rock's claims are barred, in whole or in part, under the doctrines of impossibility and/or impracticability of performance.

## NINTH AFFIRMATIVE DEFENSE

INMET reserves, pleads, and asserts the defense that any and all damages and injuries alleged in the Counterclaim, if any, which are specifically denied, were caused and brought about by the actions and/or inactions of other parties or third parties, other than INMET, either negligently or otherwise; and by reason of any and all of the foregoing, INMET pleads and relies upon the same as a bar to all or some portion of the claims made against it in the Counterclaim.

## TENTH AFFIRMATIVE DEFENSE

INMET reserves, pleads, and asserts the defense that the damages and injuries alleged by Lime Rock, if any, which are specifically denied, were caused and brought about by superseding and/or intervening causes or event(s) including, but not limited to, market conditions and COVID-19, which are outside of the control of INMET or any other individuals or entities; and by reason

of any and all of the foregoing, INMET pleads and relies upon the same as a bar to all or some portion of the claims made against it in the Counterclaim.

### ELEVENTH AFFIRMATIVE DEFENSE

INMET reserves, pleads, and asserts all defenses under the Bankruptcy Code, title 11, United States Code.

### TWELFTH AFFIRMATIVE DEFENSE

INMET pleads and asserts each defense set forth in Rule 8(c)(1) and/or Rule 12 of the Federal Rules of Civil Procedure, as incorporated in the Federal Rules of Bankruptcy Procedure, and as such may be established during the course of this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

INMET pleads and asserts all defenses under the Kentucky law, and relies on the same as a bar to all or some portion of the Trust's claims against it.

### FOURTEENTH AFFIRMATIVE DEFENSE

INMET hereby pleads, reserves, asserts, relies upon and incorporates by reference each and every affirmative defense that may be or become available to INMET, including but not limited to those which the facts revealed in discovery will support.  Further, INMET reserves the right to supplement and/or amend this Answer to include additional affirmative defenses as necessitated by the evidence discovered throughout the course of litigation.

### PRAYER FOR RELIEF

WHEREFORE, INMET prays for judgment as follows:

   a) That Lime Rock take nothing by reason of the Counterclaim or any claims alleged in it;

   b) That the Counterclaim and each cause of action asserted in it be dismissed with

      prejudice as to INMET;

c) That INMET recover its costs, expenses, and attorneys' fees incurred in this action; and

d) That the Court grant such other and further relief to INMET as it may deem just and proper.

      Respectfully submitted,

/s/ *Jay E. Ingle* _____
Jay E. Ingle (KY Bar # 86994)
Chacey R. Malhouitre (KY Bar # 91019)
JACKSON KELLY PLLC
100 W. Main Street, Ste. 700
Lexington, KY 40507
Telephone: (859) 255-9500
E-mail: jingle@jacksonkelly.com
      chacey.malhouitre@jacksonkelly.com
*Counsel for Debtor INMET Mining, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 23, 2023, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve notice via electronic mail on all parties registered to receive electronic notice in this case.

      /s/ *Jay E. Ingle* _____
Jay E. Ingle (KY Bar # 86994)
JACKSON KELLY PLLC
100 W. Main Street, Ste. 700
Lexington, KY 40507
Telephone: (859) 255-9500
E-mail: jingle@jacksonkelly.com
*Counsel for Debtor INMET Mining, LLC*