**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| INMET Mining, LLC | ) | |
| | ) | |
| Debtor, | ) | Case no. 23-70113 |
| | ) | |
| INMET MINING, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proceeding No. 23-7002 |
| | ) | Chief Judge Gregory R. Schaaf |
| BLACKJEWEL LIQUIDATION TRUST, | ) | |
| et al., | ) | |
| Defendants. | ) | |

**ANSWER TO COUNTERCLAIM OF BLACKJEWEL LIQUIDATION TRUST**

Plaintiff and Counterclaim Defendant INMET Mining, LLC ("INMET"), by undersigned counsel, hereby answers Blackjewel Liquidation Trust's June 2, 2023 counterclaim ("Counterclaim") as follows:

**Nature and Scope of the Counterclaims**

1. Admitted in part. INMET admits that the Trust's counterclaims arise out of the same transaction and occurrence that is the subject of the Complaint INMET filed in this adversary proceeding. No response is required to second two sentences of paragraph 1, as these sentences address the Trust's intent in filing its counterclaims, and briefly set forth an assertion regarding jurisdiction or venue. To the extent any response is required to the allegations set forth in the second two sentences of paragraph 1, INMET denies these assertions.

2. The first and last sentences of paragraph 2 describe actions the Trust "anticipates" that it may take going forward, and no response is required. To the extent any response is required to these assertions, INMET denies them, and specifically denies that it has engaged in any "pattern

1

of concealment or inappropriate conduct". INMET denies the remaining allegations set forth in paragraph 2.

3. This paragraph contains a statement regarding the Trust's consent to the Court's entry of a final order in this adversary proceeding, and no response is required. To the extent this paragraph contains allegations or conclusions of fact, those allegations are denied.

## Parties to the Counterclaims

4. INMET states that the documents and court records creating the Trust and defining its authority speak for themselves and deny any characterization set forth in paragraph 4 that is inconsistent with those documents.

5. Admitted in part and denied in part. INMET admits that it is the plaintiff in this case and that KG and INMET are affiliates. The allegation that KG has an interest in the contracts is overly broad, vague, and does not specifically identify which contracts or what interest; therefore, INMET denies as written. The statement "KG is liable to the Trust jointly and severally in INMET" is a legal conclusion to which no response is required. To the extent any response is required, INMET denies that KG or INMET are liable to the Trust, either jointly or severally.

6. INMET denies the allegations set forth in paragraph 6 as written.

7. Admitted in part and denied in part. INMET admits that BMMS is a subsidiary or affiliate of Javelin. INMET admits that BMMS is a party to certain coal purchase agreements with INMET. With regard to the allegation that BMMS assumed formal governance control of the sole member of both INMET and KG, the corporate documents speak for themselves and INMET denies any characterization that is inconsistent with those documents. INMET denies the remaining allegations set forth in paragraph 7.

8. Paragraph 8 sets forth a series of legal conclusions to which no response is required. To the extent any response is required, INMENT denies the allegations set forth in paragraph 8.

9. INMET admits the allegations set forth in paragraph 9, but refer to the Base Royalty Agreement referenced in paragraph 9 as the "Financing Agreement".

10. INMET admits the allegations set forth in paragraph 10.

11. INMET states that the record of the Blackjewel Debtors' bankruptcy cases speaks for itself and denies any allegations set forth in paragraph 11 that are inconsistent with the record.

12. Paragraph 12 sets forth a legal conclusion to which no response is required; to the extend any response is required, INMET denies the allegations set forth in paragraph 12.

13. INMET admits the allegations set forth in paragraph 13.

14. INMET admits that INMET and KG mined and produced coal from the Purchased Mines. INMET denies the remainder of the allegations in paragraph 14 as written.

15. INMET denies the allegations set forth in paragraph 15.

16. The agreements referenced in paragraph 16 speak for themselves and INMET denies any characterization that is inconsistent with those documents.

17. INMET is without sufficient knowledge to admit or deny the allegations set forth in paragraph 17 based on the information currently available to it, and therefore denies those allegations.

18. Paragraph 18 sets forth a legal conclusion to which no response is required; to the extent any response is required, INMET denies the allegations set forth in paragraph 18.

19. INMET denies the allegations set forth in paragraph 19.

20. INMET denies the allegations set forth in paragraph 20.

21. The Employee Royalty Agreement speaks for itself, and INMET denies any characterization that is inconsistent with the document.

22. The Employee Royalty Agreement speaks for itself, and INMET denies any characterization that is inconsistent with the document.

23. INMET admits the allegations set forth in paragraph 23.

24. The reports referenced in paragraph 24 speak for themselves, and INMET denies any characterization that is inconsistent with the document.

25. The documents referenced in paragraph 25 speak for themselves, and INMET denies any characterization that is inconsistent with the documents. The remainder of Paragraph 25 sets forth legal conclusions to which no response is required; to the extent any response is required, INMET denies the allegations set forth in paragraph 25.

26. Paragraph 26 sets forth a legal conclusion to which no response is required; to the extent any response is required, INMET denies the allegations set forth in paragraph 26.

27. The Financing Agreement referenced in paragraph 27 speaks for itself, and INMET denies any characterization that is inconsistent with the document. INMET further denies the Trust's description of the payments referenced in paragraph 27 as "royalty payments".

28. The Financing Agreement referenced in paragraph 28 speaks for itself, and INMET denies any characterization that is inconsistent with the document.

29. INMET is without sufficient knowledge to admit or deny the allegations set forth in paragraph 29, and therefore denies those allegations.

30. INMET admit the allegations set forth in paragraph 30.

31. Paragraph 31 sets forth a series of legal conclusions to which no response is required; to the extent any response is required, INMET denies the allegations in paragraph 31.

32. INMET admits the allegations in paragraph 32.

33. INMET admits the allegations in paragraph 33.

34. INMET admits that it is currently obligated to pay Blackjewel owed amounts under the Base Royalty Agreement, but denies the specific amounts as alleged. INMET is without sufficient knowledge to admit or deny the portion of the owed amounts attributable to Lime Rock.

35. The Assignment Agreement referenced in paragraph 35 speaks for itself, and INMET denies any characterization that is inconsistent with the document.

36. The Sale Order and Assignment Agreement referenced in paragraph 36 speaks for themselves, and and INMET denies any characterization that is inconsistent with those documents. INMET does not have sufficient knowledge to admit or deny the dollar figures set forth in paragraph 36, and therefore denies that those figures are accurate. Further, the Trust's characterization of those figures as "Assumed Liabilities" is a legal conclusion to which no response is required; to the extent any response is required, INMET denies that the aforementioned expenses are "Assumed Liabilities" as contemplated in the Sale Order or the Assignment Agreement.

37. INMET denies the allegations set forth in paragraph 37.

38. The Assignment Agreement referenced in paragraph 38 speaks for itself, and INMET denies any characterization that is inconsistent with the document.

39. INMET does not have sufficient information to admit or deny the allegations set forth in paragraph 39, and therefore denies those allegations.

40. INMET denies the allegations set forth paragraph 40.

41. INMET denies the allegations set forth in paragraph 41.

42. INMET does not have sufficient information to admit or deny the allegations set forth in paragraph 42, and therefore denies those allegations.

43. INMET states that the written document referenced in paragraph 43 speaks for itself, and INMET denies any characterization that is inconsistent with the document.

44. INMET states that the written document referenced in paragraph 44 speaks for itself, and INMET denies any characterization that is inconsistent with the document.

45. INMET is without sufficient knowledge to admit or deny the authenticity of Exhibit 3, and therefore denies the allegations set forth in paragraph 45.

46. INMET denies the allegations set forth in paragraph 46.

47. The allegations set forth in paragraph 47 are vague and fail to identify with any specificity what statements were made by what individuals or to what individuals; therefore, INMET denies the allegations as written.

48. INMET states that the statements made on the record at the hearing referenced in paragraph 48 speak for themselves, and INMET denies any characterization that is inconsistent with the document.

49. INMET admits that Javelin in not a party to any of the Agreements referenced in paragraph 49. Upon information and belief, INMET denies the remaining allegations set forth in paragraph 49.

50. INMET is without sufficient information to admit or deny any interactions between any Javelin and the Blackjewel Debtors as set forth in paragraph 50, and therefore denies the allegations set forth in the first two sentences of paragraph 50. INMET demands a more definite description of the "representative of Javelin" referenced paragraph 50. INMET states that the

6

record of the hearing referenced in paragraph 50 speaks for itself, and INMET denies any characterization that is inconsistent with the document.

51. INMET does not have sufficient information to admit or deny the allegations set forth in paragraph 51, and therefore denies those allegations.

52. INMET does not have sufficient information to admit or deny the allegations set forth in paragraph 52, and therefore denies those allegations.

53. INMET denies the allegations set forth in paragraph 53.

54. The allegations set forth in paragraph 54 are not directed at INMET, and therefore no response from INMET is required. To the extent any response is required, INMET denies the allegations and conclusions set forth in paragraph 54.

**Count I**

55. No response is required to paragraph 55.

56. Paragraph 56 sets forth a legal conclusion to which no response is required. To the extent any response is required, INMET denies that the agreements referenced in this paragraph are enforceable in their entirety, and that some or all of the aforementioned agreements are invalid or enforceable in whole or in part.

57. Paragraph 57 sets forth a legal conclusion to which no response is required. To the extent any response is required, INMET denies that the agreements referenced in this paragraph are enforceable by the Trust in their entirety, and that some or all of the aforementioned agreements are enforceable in whole or in part.

58. Paragraph 58 sets forth a legal conclusion to which no response is required. To the extent any response is required, INMET denies the allegations set forth in paragraph 58.

59. The Trust's assertions that INMET breached the Agreements referenced in paragraph 59 and caused the damages described in paragraph 59 are legal conclusions to which no response is required; to the extent any response is required, INMET denies these allegations, and denies any remaining allegations set forth in paragraph 59.

60. Paragraph 60 is vague and ambiguous as to what breaches INMET and KG are alleged to have admitted; therefore, INMET denies the allegations set forth in paragraph 60.

61. Paragraph 61 sets forth a legal conclusion to which no response is required. To the extent any response is required, INMET denies the allegations set forth in paragraph 61.

62. Paragraph 62 sets forth a legal conclusion regarding INMET's alleged "breaches" of the Agreements and alleged damages to which no response is required. To the extent any response is required, INMET denies any breach of the Agreements and denies the Trust's allegations regarding damages.

63. Paragraph 63 sets forth a legal conclusion regarding INMET's alleged "breaches" of the Agreements and associated (alleged) liability and damages to which no response is required. To the extent any response is required, INMET denies any breach of the Agreements and denies the Trust's allegations regarding liability and damages.

**Count Two**

64. No response is required to paragraph 64.

65. Paragraph 65 sets forth an allegation against Javelin, and no response by INMET is required. Further, INMET is without sufficient knowledge to admit or deny Javelin's alleged "knowledge of the Agreements", and therefore denies the same. To the extent any further response is required by INMET, INMET denies the allegations in paragraph 65.

66. Paragraph 66 sets forth an allegation against Javelin, and no response by INMET is required. Further, INMET is without sufficient information to admit or deny the allegations regarding Javelin's "purpose and intent". INMET demands a more definite statement regarding the allegation that "INMET's CEO stated to the Trust that Javelin would not alle INMET to perform its quarterly reporting obligations to the Trust." Specifically, INMET demands the date and time the statement was allegedly made, the name of the "CEO" who made the statement, and the precise substance of the statement. To the extent any further response is required by INMET, INMET denies the allegations in paragraph 66.

67. Paragraph 67 sets forth an allegation against Javelin, and no response by INMET is required. Further, paragraph 67 sets forth a legal conclusion to which no response is required. To the extent any response is required by INMET, INMET denies the allegations in paragraph 67.

68. Paragraph 68 sets forth an allegation against Javelin, and no response by INMET is required. Further, paragraph 68 sets forth a legal conclusion regarding alleged damages to which no response is required. To the extent any response is required by INMET, INMET denies the allegations in paragraph 68.

69. Paragraph 69 sets forth a series of legal conclusions to which no response is required. To the extent any response is required by INMET, INMET denies the allegations in paragraph 69.

**Count Three**

70. No response is required to paragraph 70.

71. The first sentence of paragraph 71 sets forth a legal conclusion to which no response is required. To the extent any response is required to any allegations set forth in the first sentence

of paragraph 71, INMET denies those allegations. INMET denies the allegations set forth in the second sentence of paragraph 71.

72. Paragraph 72 contains allegations against BMMS and Javelin, and no response by INMET is required. To the extent any response is required, INMET denies the allegations set forth in paragraph 72.

73. Paragraph 73 contains allegations against BMMS and Javelin, and no response by INMET is required. To the extent any response is required, INMET denies the allegations set forth in paragraph 73.

74. Paragraph 74 sets forth a legal conclusion to which no response is required. To the extent any response is required, INMET denies any allegations set forth in paragraph 74.

**Count Four**

75. No response to paragraph 75 is required.

76. The first sentence of paragraph 76 sets forth a legal conclusion to which no response is required. To the extent any response is required, INMET denies any allegations set forth in the first sentence of paragraph 76. The second sentence of paragraph 76 sets forth allegations against BMMS and Javelin, and no response by INMET is required. To the extent any response by INMET is required to the second sentence of paragraph 76, INMET is without sufficient information and belief to admit or deny BMMS' knowledge of any alleged coal conveyances or the alleged benefits Javelin derived from the same, and therefore denies those allegations.

77. Paragraph 77 sets forth a legal conclusion to which no response is required. To the extent any response is required, INMET denies any allegations set forth in paragraph 77.

78. INMET demands a more definite statement regarding the fraudulent concealment alleged in paragraph 78 as required by Rule 9 of the Federal Rules of Civil Procedure. Further,

Paragraph 78 sets forth a legal conclusion to which no response is required. To the extent any response is required, INMET denies any allegations set forth in paragraph 78.

79. Paragraph 79 sets forth a legal conclusion to which no response is required. To the extent any response is required, INMET denies the allegations set forth in paragraph 79.

## Count Five

80. No response to paragraph 80 is required.

81. Paragraph 81 sets forth allegations against BMMS and Javelin to which INMET is not required to respond. To the extent any response by INMET is required, INMET denies the allegations set forth in paragraph 81, and specifically denies that it concealed any "actions" from the Trust.

82. Paragraph 82 sets forth allegations against BMMS and Javelin to which INMET is not required to respond. To the extent any response by INMET is required, INMET is without sufficient knowledge to admit or deny the status of INMET's creditors, as set forth in paragraph 82, and therefore denies each of the allegations set forth in paragraph 82.

83. Paragraph 83 sets forth allegations against BMMS and Javelin to which INMET is not required to respond. Further, paragraph 83 sets forth a series of legal conclusions to which no counterclaim defendant, including INMET, is required to respond. To the extent any response to paragraph 83 is required by INMET, INMET denies any the allegations set forth in paragraph 83.

84. Paragraph 84 sets forth allegations against BMMS and Javelin to which INMET is not required to respond. Further, paragraph 84 sets forth a legal conclusion to which no counterclaim defendant, including INMET, is required to respond. To the extent any response to paragraph 84 is required by INMET, INMET denies any the allegations set forth in paragraph 84.

85.     Paragraph 85 sets forth allegations against BMMS and Javelin to which INMET is not required to respond. Further, paragraph 85 sets forth a legal conclusion to which no counterclaim defendant, including INMET, is required to respond. To the extent any response to paragraph 84 is required by INMET, INMET denies any the allegations set forth in paragraph 85.

86.     INMET denies any allegations contained in the Trust's prayer for relief, and denies that the Trust is entitled to any relief whatsoever.

87.     INMET denies any allegation not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

By alleging the defenses set forth below, INMET intends no alteration of the burden of proof that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pled in the alternative and do not constitute an admission of liability or that the Trust is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state any claim against INMET for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Trust's counterclaims are barred in whole or in part by principles of estoppel, waiver, or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The Trust's claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

The Trust's claims are barred, in whole or in part, because the agreements on which the claims are based are unenforceable under the doctrines of fraud, duress, or unconscionability.

## FIFTH AFFIRMATIVE DEFENSE

The Trust's claims are barred in whole or in part to the extent that the Trust or its predecessors in interest failed to mitigate their damages.

### SIXTH AFFIRMATIVE DEFENSE

The Trust's claims and/or recovery are barred in whole or in part by contractual indemnification, contribution, or setoff.

### SEVENTH AFFIRMATIVE DEFENSE

The Trust's claims are barred, in whole or in part, based on the Trust's breach of the implied covenant of good faith and fair dealing.

### EIGHTH AFFIRMATIVE DEFENSE

The Trust's claims are barred, in whole or in part, under the doctrines of impossibility and/or impracticability of performance.

### NINTH AFFIRMATIVE DEFENSE

The Trust's claims are barred, in whole or in part, based on the Trust's breach of the express and/or implied terms of the agreements on which the claims are based.

### TENTH AFFIRMATIVE DEFENSE

INMET reserves, pleads, and asserts the defense that any and all damages and injuries alleged in the Counterclaim, if any, which are specifically denied, were caused and brought about by the actions and/or inactions of other parties or third parties, other than INMET, either negligently or otherwise; and by reason of any and all of the foregoing, INMET pleads and relies upon the same as a bar to all or some portion of the claims made against it in the Counterclaim.

### ELEVENTH AFFIRMATIVE DEFENSE

INMET reserves, pleads, and asserts the defense that the damages and injuries alleged by the Trust herein, if any, which are specifically denied, were caused and brought about by

superseding and/or intervening causes or event(s) including, but not limited to, market conditions, which are outside of the control of INMET or any other individuals or entities; and by reason of any and all of the foregoing, INMET pleads and relies upon the same as a bar to all or some portion of the claims made against it in the Counterclaim.

## TWELFTH AFFIRMATIVE DEFENSE

INMET reserves, pleads, and asserts all defenses under the Bankruptcy Code, title 11, United States Code.

## THIRTEENTH AFFIRMATIVE DEFENSE

INMET pleads and asserts each defense set forth in Rule 8(c)(1) and/or Rule 12 of the Federal Rules of Civil Procedure, as incorporated in the Federal Rules of Bankruptcy Procedure, and as such may be established during the course of this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

INMET pleads and asserts all defenses under the Kentucky law, and relies on the same as a bar to all or some portion of the Trust's claims against it.

## FIFTEENTH AFFIRMATIVE DEFENSE

INMET hereby pleads, reserves, asserts, relies upon and incorporates by reference each and every affirmative defense that may be or become available to INMET, including but not limited to those which the facts revealed in discovery will support. Further, INMET reserves the right to supplement and/or amend this Answer to include additional affirmative defenses as necessitated by the evidence discovered throughout the course of litigation.

## PRAYER FOR RELIEF

WHEREFORE, INMET prays for judgment as follows:

a) That the Trust take nothing by reason of the Counterclaim or any claims alleged

in it;

b) That the Counterclaim and each cause of action asserted in it be dismissed with prejudice as to INMET;

c) That INMET recover its costs, expenses, and attorneys' fees incurred in this action; and

d) That the Court grant such other and further relief to INMET as it may deem just and proper.

Respectfully submitted,

/s/ *Jay E. Ingle*  
Jay E. Ingle (KY Bar # 86994)  
Chacey R. Malhouitre (KY Bar # 91019)  
JACKSON KELLY PLLC  
100 W. Main Street, Ste. 700  
Lexington, KY 40507  
Telephone: (859) 255-9500  
E-mail: jingle@jacksonkelly.com  
        chacey.malhouitre@jacksonkelly.com  
*Counsel for Debtor INMET Mining, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2023, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve notice via electronic mail on all parties registered to receive electronic notice in this case.

/s/ *Jay E. Ingle*  
Jay E. Ingle (KY Bar # 86994)  
JACKSON KELLY PLLC  
100 W. Main Street, Ste. 700  
Lexington, KY 40507  
Telephone: (859) 255-9500  
E-mail: jingle@jacksonkelly.com  
*Counsel for Debtor INMET Mining, LLC*