**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE DIVISION**

| | |
|---|---|
| IN RE | |
| INMET MINING, LLC | CASE NO. 23-70113 |
| PLAINTIFF | CHAPTER 11 |
| INMET MINING, LLC | PLAINTIFF |
| V. | ADV. NO. 23-7002 |
| BLACKJEWEL LIQUIDATION TRUST, ET AL. | DEFENDANTS |

**MEMORANDUM OPINION GRANTING MOTION TO DISMISS**
**BLACK MOUNTAIN MARKETING AND SALES LP**
**AND JAVELIN GLOBAL COMMODITIES (US) LLP**

The Defendant Blackjewel Liquidation Trust (the "Trust") answered the original Complaint and asserted claims against new parties, including Black Mountain Marketing and Sales LP ("BMMS") and Javelin Global Commodities (US) LLP ("Javelin"). [ECF No. 24.] BMMS and Javelin moved for dismissal of the claims against them. [ECF No. 71.] The issues were briefed and a hearing was held on August 17, 2023. [ECF Nos. 78, 80, 81.] The motion to dismiss is granted.

**I. Background.**

    **A. Acquisition of the Plaintiff's Assets from Blackjewel LLC.**

In September 2019, the Plaintiff Inmet Mining, LLC acquired its mining operations from Blackjewel LLC and affiliates ("Blackjewel"), who were debtors in a chapter 11 proceeding in the United States Bankruptcy Court for the Southern District of West Virginia. *In re Blackjewel LLC*, Case No. 19-30289 (Bankr. S.D. W.Va.). The Plaintiff's affiliate, Kopper Glo Mining,

LLC ("Kopper Glo"), submitted the successful bid. *Id.*, ECF No. 1096. The Plaintiff acquired the assets as Kopper Glo's designee.

The sale was documented in three agreements executed on September 7, 2019 (collectively the "Sale Agreements"):

(1) the Assignment and Assumption Agreement and Bill of Sale Regarding Specific Assets by and between Blackjewel Holdings, LLC, as agent for the Blackjewel Sellers, and the Plaintiff, as Buyer;

(2) a Royalty Agreement by and between Blackjewel Holdings, LLC, as Grantee, and the Plaintiff, as Grantor (the "Base Royalty Agreement"), and

(3) a Royalty Agreement by and between Blackjewel Holdings, LLC, as Grantee, and the Plaintiff, as Grantor (the "Employee Royalty Agreement").

*Id.* The payments required by the Base Royalty Agreement and Employee Royalty Agreement were part of the consideration for the purchased assets. *Id.*

The Trust is the successor to Blackjewel. [ECF No. 24 at ¶ 15.]

**B. The Plaintiff's Bankruptcy Case.**

**1. The Adversary Proceeding.**

The Plaintiff filed a chapter 11 petition on April 5, 2023. [Case No. 23-70113, ECF No. 1.] Soon thereafter, the Plaintiff established a procedure to sell its assets pursuant to 11 U.S.C. § 363 and § 365 on an expedited basis. [*Id.*, ECF Nos. 161, 361.]

The Base Royalty Agreement contained language that suggested the royalty would run with the land.[1] The Plaintiff believed a royalty that runs with the land would impair the value of its assets at a sale, so it initiated this adversary proceeding against the Trust and Defendant LR-Revelation Holdings, L.P. ("Lime Rock"), which was the assignee of the first two payments

---

[1] The Employee Royalty Agreement contained the same language, but it had a two-year term that had already expired.

required by the Base Royalty Agreement. [ECF No. 1.] The Complaint contains one count, a request for a declaratory judgment that the covenant in the Base Royalty Agreement does not run with the land. [*Id*.] The Plaintiff was granted summary judgment on this count on July 7, 2023. [ECF Nos. 69-70.].

The Trust answered the Complaint on June 2, 2023. [ECF No. 24.] The Trust also asserted counterclaims against the Plaintiff and additional claims against new parties:

- Trust Count I: A claim against the Plaintiff and Kopper Glo for breach of the Sale Agreements.

- Trust Count II: A claim for tortious interference with the Sale Agreements against BMMS and Javelin.

- Trust Count III: A claim against the Plaintiff, Kopper Glo, BMMS, and Javelin, for unjust enrichment related to the Sale Agreements.

- Trust Count IV: A claim against the Plaintiff, Kopper Glo, BMMS, and Javelin, for imposition of a constructive trust for the proceeds of all coal produced from the assets purchased from Blackjewel.

- Trust Count V: A claim against BMMS and Javelin for equitable subordination of their claims in the Plaintiff's bankruptcy case.

[*Id.*]

Lime Rock also answered the Complaint on June 2 and counterclaimed against the Plaintiff for breach of the Sale Agreements. [ECF No. 25.] The Plaintiff answered the counterclaims on June 23, 2023. [ECF No. 45-46.] Kopper Glo did not answer or otherwise respond. BMMS and Javelin moved to dismiss the Trust's claims against them. [ECF Nos. 71, 78, 80.]

**2. The Plaintiff, BMMS, and the Committee Resolved Disputes in the Main Case That Affect This Adversary Proceeding.**

BMMS provided secured credit to the Plaintiff prior to the petition date and provided debtor-in-possession financing after the bankruptcy filing. [Case No. 20-50133, ECF Nos. 112,

241, 349, 535.] The proposed DIP financing and the right of BMMS to credit bid in the bankruptcy sale were heavily contested by the Official Committee of Unsecured Creditors, whose position was supported by the United States Trustee. The negotiations resulted in a settlement between the Plaintiff, the Committee, and BMMS that allowed entry of a final DIP financing order and approval of the sale of the Kentucky assets to BMMS. [*Id*., ECF Nos. 535 ("Final DIP Financing Order"), 536 ("Sale Order"), and 538 ("Settlement Order"); *see also id.*, ECF No. 525, 527 (hearing to approve settlement, financing, and sale on July 12, 2023).]

The Final DIP Financing Order finally approved post-petition financing of $22,200,000.00. [*Id.*, ECF No. 535 at 2, ¶¶(1)-(2).] The Plaintiff also stipulated that it owed prepetition obligations to BMMS of at least $104,443,360.34. [*Id.* at ¶¶ D(c) ($29,754,314.77) and D(d)( $74,689,045.57).] The Sale Order allowed BMMS to apply $55,000,000.00 of its aggregate claim to its successful credit bid for the Plaintiff's Kentucky assets, leaving a balance due of $49,443,360.34. [*Id.*, ECF No. 536 at ¶ R.] The terms of settlement attached to the Settlement Order included the following release:

> Following the closing of the BMMS Purchase and the Virginia Sale and the Parties' performance of their respective obligations set forth herein, (a) BMMS and Javelin shall release all remaining claims, liens and interests against the bankruptcy estate and (b) the bankruptcy estate will release its claims against BMMS and Javelin.

[*Id*., ECF No. 538 at ¶ 6.]

The sale of the Virginia assets closed on July 25, 2023, and the sale of the Kentucky assets to Bluegrass Energy, LLC, the designee of BMMS, closed on July 28, 2023. [*Id.*, ECF No. 580.] Therefore, the Plaintiff has no further obligation to BMMS related to the financing or otherwise. [*See also* ECF No. 81 (counsel for BMMS confirmed there is no remaining claim at the August 17 hearing).]

**II.    The Motion to Dismiss Standard.**

BMMS and Javelin move to dismiss Trust Counts II-V pursuant Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6) (incorporated by FED. R. BANKR. P. 7012). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Whether a complaint satisfies this requirement and survives a Civil Rule 12(b)(6) motion is based on a review of the well-pled factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations are accepted as true, and all reasonable inferences are drawn in the movant's favor. *Id.*

A lack of subject matter jurisdiction is also grounds for dismissal. FED. R. CIV. P. 12(b)(1). BMMS and Javelin do not rely on Civil Rule 12(b)(1) for dismissal but question the bankruptcy court's jurisdiction in their reply. [ECF No. 80.] A court must first decide whether it has subject matter jurisdiction over the claims before determining whether a complaint fails to state a claim upon which relief can be granted. *Trokie v. U.S. Bank Trust N.A. (In re Trokie)*, 590 B.R. 663, 675 (Bankr. M.D. Pa. 2018); *see also Sicherman v. Crosby (In re Rivera)*, 379 B.R. 728, 730-731 (Bankr. N.D. Ohio 2007) (federal courts have an independent duty to raise sua sponte the existence of federal jurisdiction).

Trust Count II and Trust Count III are dismissed as to BMMS and Javelin pursuant to Civil Rule 12(b)(1) for lack of jurisdiction. Trust Count IV is a remedy related to Trust Count III and is also dismissed as to BMMS and Javelin under Civil Rule 12(b)(1). Trust Count V is dismissed for failure to state a claim under Civil Rule 12(b)(6).

**III.    The Trust Counts Against BMMS and Javelin are Dismissed.**

**A.    Trust Count II and Trust Count III Are Dismissed.**

Trust Count II for tortious interference and Trust Count III for unjust enrichment against BMMS and Javelin are dismissed because the bankruptcy court does not have jurisdiction to decide these state law claims under 28 U.S.C. § 1334.  Bankruptcy court jurisdiction exists if the claims are at least "related to" the Plaintiff's bankruptcy.  *Geise v. Lexington Coal Co.* (*In re HNRC Dissolution Company)*, 761 Fed. Appx. 553, 559 (6th Cir. 2019) (citing *Mich. Emp't Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1140-41 (6th Cir. 1991)).  There is "related to" jurisdiction if the "outcome of the proceeding could conceivably 'alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)'" or "otherwise impact 'the handling and administration of the bankrupt estate.'"  *Id.* at 560 (quoting *Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482, 489 (6th Cir. 1996)).

The tortious interference and unjust enrichment claims against BMMS and Javelin are state law claims asserted against two non-debtor parties.  These causes of action do not arise from the Base Royalty Agreement at issue in the Plaintiff's declaratory judgment count and are not related to the Plaintiff's bankruptcy or its claims resolution process.  Adjudication of these claims will not "alter the debtor's rights, liabilities, options or freedom of action" or impact the administration of the Plaintiff's bankruptcy estate.  There is no bankruptcy court jurisdiction to decide Trust Count II and Trust Count III against BMMS and Javelin.

Even if there was some way to relate Trust Count II and Trust Count III against BMMS and Javelin to the Plaintiff's bankruptcy, permissive abstention is appropriate.  28 U.S.C. § 1334(c)(1).  *See also Parker v. Nationwide Mut. Ins. Co. (In re Duran)*, 586 B.R. 7, 10–11

(Bankr. N.D. Ohio 2018) (listing twelve factors to consider on abstention). The only count raised in the original Complaint was for a declaratory judgment, which was decided on summary judgment. Further, the breach of contract claim in Trust Count I and any remaining counts against the Plaintiff and Kopper Glo are best addressed in the claims resolution process later in the Plaintiff's bankruptcy case.

### B. Trust Count IV Is Dismissed.

Trust Count IV is a claim for imposition of a constructive trust, which is a remedy and not a cause of action. *Smith v. Bank of America Corp.*, 485 Fed. Appx. 749, 755-56 (6th Cir. 2012); *George & Company, Inc. v. Arch Coal, Inc.*, Civil Action No. 6:19-178-KKC, 2021 WL 832636 (E.D. Ky. March 4, 2021) (citing *Bewley v. Heady*, 610 S.W.3d 352, 357 (Ky. Ct. App. 2020)). A constructive trust might act as a remedy for unjust enrichment. *Bewley,* 610 S.W.3d at 357-358. Trust Count III for unjust enrichment against BMMS and Javelin is dismissed. Therefore, Trust Count IV against BMMS and Javelin is also dismissed for the reasons stated in Part III.A.

### C. Trust Count V Is Dismissed.

Trust Count V is a claim for equitable subordination of any claims BMMS and Javelin may have against the Plaintiff's bankruptcy estate. *See* 11 U.S.C. § 510(c). The record does not support the existence of an equitable subordination claim against either BMMS or Javelin. Javelin has not filed a claim in the bankruptcy case and BMMS and Javelin released all claims against the Plaintiff pursuant to the settlement and sales. *See supra* Part I.B.2. [*See also* ECF No. 535, ¶ D(f) (the Plaintiff stipulated that the Debtor has no equitable subordination claim regarding the BMMS prepetition debt).]

The Trust asserts the possibility of equitable subordination still exists. The Trust appealed the Sale Order to the United States District Court for the Eastern District of Kentucky [ECF No. 571] and argues that BMMS will need to pay cash in place of the $55,000,000.00 credit bid if the appeal is successful. [ECF Nos. 81, 83.] Even if the appeal is successful, the Trust may not pursue an equitable subordination claim.

A creditor might have the ability to pursue an equitable subordination claim for a particularized injury. *See, e.g., In re LWD, Inc.*, 342 B.R. 514, 520 (Bankr. W.D. Ky. 2006); *Miller v. Elway Company, LLP* (*In re Elrod Holdings Corp.*), 392 B.R. 110, 114 (Bankr. D. Del. 2008). But only the Plaintiff has standing to assert an equitable subordination claim on behalf of all creditors. *Board of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.,* 296 F.3d 164, 169 (3d Cir. 2002) ("[O]nce a company or individual files for bankruptcy, creditors lack standing to assert claims that are 'property of the estate.' ") (citation omitted); *see also, e.g., St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.,* 884 F.2d 688, 701 (2d Cir. 1989) ("If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action.").

The Trust has not alleged a particularized injury; it seeks equitable subordination based on harm to, and for the benefit of, the Trust "and other creditors." [ECF No. 24 at 27, ¶¶ 81-85.] The prayer for relief confirms this intent:

> On Count V of the counterclaims, that the Court enter an order subordinating all claims that have been or may be asserted by BMMS or Javelin against INMET, including proofs of claim and claimed rights of setoff or recoupment, pursuant to sections 510(c) and 105(a) of the Bankruptcy Code, such that BMMS's and Javelin's claims are not paid or recognized for value ahead of any other creditor, and an order directing that BMMS or Javelin transfer to INMET's estate any liens securing the subordinated claims.

[*Id*. at 28, ¶ F.]

Trust Count V is dismissed under Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### IV. Conclusion.

For the reasons stated herein, it is ORDERED that BMMS and Javelin's Motion to Dismiss [ECF No. 71] is GRANTED. A separate order dismissing Trust Counts II-V against BMMS and Javelin is entered concurrently herewith.

9

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Thursday, August 24, 2023
(grs)